UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIAM BLOOD,

        Plaintiff,                              Case No. 12-11249
                                                    Honorable Thomas L. Ludington

v.

CITY OF BAY CITY, a Michigan
municipal entity,

        Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, DISMISSING AS MOOT MOTION TO WITHDRAW AND MOTION TO COMPEL AND DISMISSING COMPLAINT WITH PREJUDICE**

Plaintiff William Blood used to be a Bay City police officer, but his employment was terminated on August 9, 2010. On March 20, 2012, Plaintiff filed this suit against Defendant Bay City, alleging that he was fired because of his age in violation of Title VII, the Age Discrimination in Employment Act, and Michigan's Elliott-Larsen Civil Rights Act.

On April 30, 2012, the Court issued a case management and scheduling order to guide the ongoing litigation. Pursuant to that order, initial disclosures were to be exchanged by May 30, 2012, and discovery was set to end on January 30, 2013. *See* Case Mgmt. Scheduling Order, ECF No. 9.

Apparently, Plaintiff took the scheduling order as nothing more than a recommendation. On January 3, 2013, Defendant filed a motion to compel Plaintiff's answers to interrogatories and requests for production of documents. The interrogatories and production requests were served upon Plaintiff on June 27, 2012, but Plaintiff refused, or simply neglected, to respond.

Moreover, Plaintiff's deposition was scheduled for January 16, 2013, and Defendant properly served him with notice on January 4, 2013. Plaintiff again refused, or neglected, to appear.

On January 24, 2013, Defendant filed a motion to dismiss the action because "Plaintiff Blood has abandoned this litigation. He has failed and refused to comply with the provisions of this Court's Case Management and Scheduling Order. He has failed and refused to cooperate in the discovery process." Def.'s Mot. 3, ECF No. 14.

Substantiating Defendant's contention that Plaintiff has been willfully absent from his own lawsuit, Plaintiff's attorney filed a motion to withdraw as counsel on January 14, 2013. Plaintiff's counsel established that Plaintiff is represented pursuant to an agreement, but that Plaintiff "is in breach of the agreement." Pl.'s Mot. 1, ECF No. 13. According to counsel, "[t]here has been a breakdown in communication between plaintiff and his counsel." *Id.* at 2.

**I**

Federal Rule of Civil Procedure 37 provides that a court may order sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition; or . . . fails to serve answers, objections, or written response" to properly served interrogatories. Fed. R. Civ. P. 37(d)(1)(A)(i)–(ii). Appropriate sanctions include "striking pleadings in whole or in part; . . . dismissing the action or proceeding in whole or in part; . . . [or] rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(d)(3) (citing Fed. R. Civ. P. 37(b)(2)(A)(i)–(vi)).

Under Rule 37, a district court "may sanction parties who fail to comply with its orders in a variety of ways, including dismissal of the lawsuit." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (citing *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990)). "The use of dismissal as a sanction for failing to comply with discovery "has been

upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigations from such misconduct in the future." *Bass*, 71 F.3d at 241 (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642–43 (1976)).  In deciding whether to dismiss an action under Rule 37, a court must consider the following four factors: "(1) evidence of willfulness or bad faith; (2) prejudice to the adversary; (3) whether the violating party had notice of the potential sanction; (4) whether less drastic sanctions have been imposed or ordered." *Phillips v. Cohen*, 400 F.3d 388, 402 (6th Cir. 2005) (citing *Bass*, 71 F.3d at 241)).

**II**

Here, Plaintiff has not responded to proper interrogatories, and he did not show up for his own deposition.  He has the burden "of showing that his failure to comply was due to inability, not willfulness or bad faith." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (citing *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988)). Plaintiff has indicated no reason for his conduct other than a willful disregard for the discovery process.  "[I]t is presumed that dismissal is not an abuse of discretion if the party has the ability to comply with a discovery order but does not." *Reyes*, 307 F.3d at 458.  This factor weighs heavily in favor of dismissal.

As to the second factor, Plaintiff's conduct has been unfairly prejudicial to Defendant. Defendant has been forced to defend against this lawsuit without the benefit of routine discovery information.  Defendant also expended resources to prepare interrogatories and production requests, and to take Plaintiff's deposition — attempts to gather information and advance these proceedings that all proved fruitless.  Discovery closes in five days, Plaintiff's own attorneys have moved to withdraw, and Plaintiff's deposition has yet to be taken.  Allowing Plaintiff time

to find new counsel, answer Defendant's requests, and make himself available to be deposed would only prejudice Defendant further.

At this point, Plaintiff has not received explicit warning that his actions could lead to the dismissal of his case and the Court has not expressly considered other sanctions. However, Plaintiff has been made aware that his conduct is unacceptable, through Defendant's motion to compel and his own counsel's motion to withdraw. Additionally, the Sixth Circuit has established that dismissing a case under Rule 37 where a plaintiff has no prior notice and no other sanctions were expressly considered is "not necessarily an abuse of discretion." *Id*. Where, as here, a plaintiff willfully refuses to comply with the discovery process in spite of his ability to do so, and prejudices his adversary as a result, dismissal of the case is warranted. *See id*. (dismissal by district court affirmed by Sixth Circuit on appeal because plaintiff refused to comply with two requests to produce documents and prejudiced his opponent, even though plaintiff "did not have a prior warning" dismissal was imminent and "the district court did not expressly consider other sanctions").

Because Plaintiff seemingly does not wish to participate in this lawsuit — apparent from his conduct with both defense counsel and his own counsel — the lawsuit will be dismissed.

### III

Accordingly, it is **ORDERED** that Defendant's motion to dismiss, ECF No. 14, is **GRANTED**.

It is further **ORDERED** that Plaintiff's complaint, ECF No. 1, is **DISMISSED** with prejudice.

It is further **ORDERED** that Plaintiff's counsel's motion for withdrawal of attorney, ECF No. 13, is **DISMISSED** as moot.

It is further **ORDERED** that Defendant's motion to compel, ECF No. 10, is **DISMISSED** as moot.

It is further **ORDERED** that Plaintiff's counsel is **DIRECTED** to serve Plaintiff with a copy of this Opinion & Order.

This is a final order and closes the case.

Dated: January 29, 2013                    s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 29, 2013.
                    s/Tracy A. Jacobs
                    TRACY A. JACOBS